## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EUGENE SCALIA, Secretary of Labor,　　　　　:
United States Department of Labor,　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　Plaintiff,　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:　　CIVIL ACTION
　　　　　　　　v.　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
SHAWN WOLDT,　　　　　　　　　　　　　　:
THUNDERBIRD ENGINEERING, INC.,　　　　　:
THUNDERBIRD ENGINEERING, INC.,  401(K) Plan, :　　Case No. 20-cv-00688
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　Defendants.　　　:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## COMPLAINT

Plaintiff, EUGENE SCALIA, Secretary of Labor, United States Department of

Labor ("Secretary"), alleges:

### JURISDICTION AND VENUE

1.　　　　This action arises under the Employee Retirement Income Security Act of

1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq., and is brought by the Secretary

under ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and

practices which violate the provisions of Title I of ERISA, to obtain appropriate equitable

relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain

such further equitable relief as may be appropriate to redress violations and to enforce the

provisions of Title I of ERISA.

2.      This court has jurisdiction over this action pursuant to ERISA § 502(e)(1),

29 U.S.C. § 1132(e)(1).

3.      Thunderbird Engineering, Inc. ("Thunderbird") established the

Thunderbird Engineering, Inc. 401(k) Plan ("Plan") to provide retirement benefits to the

participants.

4.      The Plan is an employee benefit plan within the meaning of ERISA § 3(3),

29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to

ERISA § 4(a), 29 U.S.C. § 1003(a).

5.      Venue for this action lies in the Western District of Wisconsin, pursuant to

ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan was administered in

Middleton, Dane County, Wisconsin, within this district.

## DEFENDANTS AND PARTIES IN INTEREST

6.       The Plan is named as a defendant herein pursuant to Federal Rule of Civil

Procedure 19(a) solely to assure that complete relief can be granted.

7.      From at least December 10, 2014, to December 31, 2019, Defendant

Shawn Woldt ("Woldt") was Thunderbird's President and majority or sole owner;

exercised authority and control over Thunderbird's assets; exercised authority and control

respecting management or disposition of the Plan's assets; was a fiduciary to the Plan

within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and was a party in

interest to the Plan within the meaning of ERISA § 3(14)(A), (E), and (H), 29 U.S.C. §

1002(14)(A), (E) and (H).

8.      From at least December 10, 2014, to December 31, 2019, Thunderbird

was the Plan Sponsor and Plan Administrator of the Plan; was a fiduciary to the Plan

within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and was a party in

interest to the Plans within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. §

1002(14)(A) and (C).

## VIOLATIONS

**FAILURE TO REMIT EMPLOYEE SALARY REDUCTION CONTRIBUTIONS AND PARTICIPANT LOAN REPAYMENTS TO THE PLAN AND FAILURE TO REMIT EMPLOYEE SALARY REDUCTION CONTRIBUTIONS AND PARTICIPANT LOAN REPAYMENTS TO THE PLAN TIMELY**

9.      Paragraphs 1 through 8 above are hereby re-alleged and incorporated

herein.

10.      During the period from December 11, 2014 to November 13, 2019, the

Plan's governing documents stated that participants could elect to defer a portion of their

wages to be contributed to the Plan.

11.      During the period from December 11, 2014 to November 13, 2019, the

Plan's governing documents stated that participants could receive a loan from the Plan.

12.      Under the Plan, participant loan terms require that repayment (principal

and interest) be amortized in level payments, not less frequently than quarterly, over a

period not extending beyond five years from the date of the loan, unless such loan is used

to acquire a dwelling unit which, within a reasonable time (determined at the time the

loan is made), will be used as the principal residence of the participant.

13.      During the period from December 11, 2014 through November 13, 2019, a

total of $197,333.50 in salary reduction contributions and participant loan repayments

were withheld from employees' pay and not timely remitted to the Plan.

14.       During the period from December 11, 2014 to November 13, 2019,

Defendant Woldt had authority and control over whether and when Thunderbird remitted

3

withheld employee salary reduction contributions and participant loan repayments to the Plan.

15.     During the period from December 11, 2014 to November 13, 2019, when Defendant Woldt caused Thunderbird to remit employee salary reduction contribution and participant loan repayments, they were often untimely remitted to the plan.

16.      The Plan had less than 100 participants and, under the small-plan safe harbor rule in 29 CFR § 2510.3-102, the contributions were untimely if they were remitted more than seven days after they were withheld from participants' pay.

17.     Thunderbird and Woldt failed to ensure the $197,333.50 in salary reduction contributions and participant loan repayments were timely remitted to the Plan.

18.      In addition to the contributions that were *untimely* remitted to the Plan, some contributions were *never* remitted to the plan.  During the period from January 3, 2019 to November 13, 2019, Thunderbird withheld $67,266.67 from its employees' pay as salary reduction contributions and $2,219.93 in participant loan repayments intended for the Plan.  These amounts were never remitted to the Plan.

19.     During the period from January 3, 2019 to November 13, 2019, Defendant Woldt caused Thunderbird to retain $67,266.67 in employee salary reduction contributions and participant loan repayments it had withheld from employees' pay which were intended for the Plan and failed to ensure that such amounts were remitted to the Plan.

20.      Thunderbird used the $67,266.67 in unremitted employee salary reduction contributions and participant loan repayments, all constituting the Plan's assets, for its own benefit to pay other corporate expenses.

21.     Based on the facts described in paragraphs 9-20 above, Defendant Thunderbird and Woldt:

a.      failed to hold the Plan's assets in trust by one or more trustees in violation of ERISA § 403(a);

b.      permitted the assets of the Plan to inure to the benefit of the employer in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

c.      failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

d.      failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and aims in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

e.      caused the Plan to engage in transactions that they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of any assets of the Plans in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

f.      dealt with the Plan's assets in their own interest or for their own account in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

g.      acted in a transaction involving the Plan on behalf of a party whose

interests were adverse to the interest of the Plan and to the interest of the Plan's

participants and beneficiaries in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

23.     As a direct and proximate result of Defendants Thunderbird and Woldt's

fiduciary breaches, the Plan has suffered injury and loss for which they are personally

liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C.

§ 1109.

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays for a judgment:

A.      Permanently enjoining Defendant Woldt from violating the provisions of

Title I of ERISA;

B.      Ordering the removal of Defendant Woldt from any positions that he now

has as a fiduciary to the Plan;

C.      Permanently enjoining Defendant Woldt from serving as a fiduciary or

service provider to any ERISA-covered employee benefit plan;

D.      Ordering Defendants Thunderbird and Woldt to correct the prohibited

transactions in which they engaged;

E.      Ordering Defendants Thunderbird and Woldt to restore to the Plan all

losses, including lost opportunity costs, resulting from fiduciary breaches committed by

them or for which they are liable;

F.      Appointing an independent fiduciary to terminate the Plan consistent with

the Plan's governing documents, the Internal Revenue Code, and ERISA, distribute its

assets to the participants and beneficiaries, and conclude any plan-related matters

connected with the proper termination of the Plan;

G.      Ordering Defendants Thunderbird and Woldt to pay all reasonable fees

and expenses incurred by the independent fiduciary in administering and terminating the

Plan;

H.      Amending the Plan to permit the setoff of Defendant Woldt's Plan account

to be used to restore the losses to the Plan and to pay for all fees and expenses related to

the services performed by the Independent Fiduciary as authorized by 29 U.S.C. §

1056(d)(4);

I.      Requiring the Plan to set-off from the individual Plan account of

Defendant Woldt the amounts necessary to restore the all losses to the Plan and to pay for

all fees and expenses related to the services performed by the Independent Fiduciary, as

authorized by 29 U.S.C. § 1056(d)(4), if the losses are not restored or the fees and

expenses are not otherwise paid by Defendants Thunderbird and Woldt;

J.      Awarding the Secretary the costs of this action; and

K.      Ordering such further relief as is appropriate and just.

7

Respectfully submitted,

KATE S. O'SCANNLAIN
Solicitor of Labor

CHRISTINE Z. HERI
P.O. ADDRESS:                          Regional Solicitor
Office of the Solicitor
230 South Dearborn St.                 /s/ Bruce C. Canetti
Room 844                               BRUCE C. CANETTI
Chicago, IL 60604                      Senior Trial Attorney
Tel. (312) 353-3271                    U.S. Department of Labor,
Fax. (312) 353-5698                    Attorneys for EUGENE SCALIA
canetti.bruce@dol.gov                  Secretary of Labor, Plaintiff
Illinois Bar No: 6285867

8