# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MILTON AL STEWART, Acting Secretary of Labor, :
United States Department of Labor, :
 :
 :
       Plaintiff, :
 :   CIVIL ACTION
 :
   v. :
 :
SHAWN WOLDT, :
THUNDERBIRD ENGINEERING, INC., :
THUNDERBIRD ENGINEERING, INC., 401(K) Plan, : Case No. 20-cv-00688
 :
 :
       Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## CONSENT ORDER AND JUDGMENT

   MILTON AL STEWART, Acting Secretary of Labor, United States Department of Labor

("Secretary"),[1] pursuant to the provisions of the Employee Retirement Income Security Act of

1974 ("ERISA"), as amended, 29 U.S.C. §1001, et seq., filed a complaint against defendants

SHAWN WOLDT ("Woldt") and THUNDERBIRD ENGINEERING, INC. ("Thunderbird"),

with respect to the Thunderbird Engineering, Inc. 401(k) Plan ("Plan").

   Woldt, Thunderbird, and the Plan waived service of process of the complaint and admit

to the jurisdiction of this Court over them and the subject matter of this action. The Plan is

named as a defendant herein pursuant to Federal Rule of Civil Procedure 19(a) solely to assure

that complete relief can be granted.

---

[1] This action has the name of Eugene Scalia, Secretary of the U.S. Department of Labor. Mr. Scalia is
now the former Secretary of Labor and Milton Al Stewart is now the Acting Secretary. Therefore, Mr.
Stewart is being automatically substituted for Mr. Scalia, pursuant to Fed.R.Civ.P. 25(d), and the caption
of this action is amended accordingly.

The Secretary, Woldt, Thunderbird and the Plan have agreed to resolve all matters in controversy in this action between them, including the imposition by the Secretary of a penalty pursuant to ERISA § 502(l), 29 U.S.C. §1132(l), and said parties do now consent to entry of a Consent Order and Judgment by this Court.

As part of this Consent Order and Judgment, Woldt and Thunderbird restored $67,845.86 to the Plan by remitting the funds to Ascensus Trust Company ("Ascensus"), the asset custodian for the Plan, between November 2020 and February 2021, and provided written direction to Ascensus that these amounts were to be allocated to the  investment accounts of all the participants in the Plan who: (1) were Plan participants during the period January 1, 2014 through August 6, 2020, (2) had voluntary employee salary deferral contributions or participant loan repayments withheld from their pay for contribution to the Plan during this period that were not remitted, and (3) who have not received a distribution of their full vested account balance as of the date of the entry of this Consent Order and Judgment.  The Defendants directed the Plan to allocate the $67,845.86 to the individual investment accounts of the Plan's participants in an amount equal to unremitted contributions and participant loan repayments owed to each participant.  Woldt and Thunderbird provided the Secretary with satisfactory written proof of these restorations to the Plan.

It is hereby ORDERED, ADJUDGED, AND DECREED that:

1.      The Court has jurisdiction over the Parties and subject matter of this action and is empowered to provide the relief herein.

2.      Woldt and Thunderbird remain liable to the Plan in the amount of $52,598.48 for unremitted and untimely remitted employee contributions and loan repayments from January 1,

2014 to August 6, 2020, and associated lost opportunity costs computed through March 31, 2021. As identified in paragraph four below, Woldt and Thunderbird will restore all amounts owed to the Plan in six consecutive monthly installments, therefore, they agree to pay 2% annual post-judgment interest amounting to $523.42.

3.      Woldt and Thunderbird shall restore the remaining total amount due of $53,121.90, to the Plan by remitting the restoration funds to Ascensus as set forth in paragraph 4 below.

4.      Woldt and Thunderbird shall restore the $53,121.90 in six consecutive monthly installments commencing on April 1, 2021. The six installments shall be $8,853.65 each. Woldt and Thunderbird may remit any amount in advance of the deadlines stated herein. With each installment payment of the restoration amount, Woldt and Thunderbird will provide written direction to Ascensus to restore the amounts to the investment accounts of all individuals who: (1) were plan participants during the period January 1, 2014 through August 6, 2020, (2) had voluntary employee salary deferral contributions or participant loan repayments withheld from their pay for contribution to the Plan during this period and such contributions were not remitted, and (3) who have not received a distribution of their full vested account balance as of the date of the entry of this Consent Order and Judgment. The Defendants shall direct the Plan to allocate the amounts to the individual investment accounts of the Plan's participants in an amount equal to unremitted employee salary deferral contributions and participant loan repayments owed to each participant in a pro rata manner, consistent with amounts owed from payroll records. The lost opportunity cost amount allocated to each participant and post-judgment interest shall be based on the participant's percent of the total unremitted contributions and participant loan repayments owed to the Plan participants.

3

5.      Upon payment of all the amounts due in paragraph 4 above, the Secretary has determined Defendant Woldt and Thunderbird shall be and hereby is assessed a total penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), of $10,624.38.  Defendant Woldt and Thunderbird shall pay the penalty under ERISA § 502(l), 29 U.S.C. § 1132(l) over four equal monthly payments in the amount of $2,656.10 starting on October 1, 2021, by sending a certified or cashier's check to:

*Standard (Regular U.S. Mail)*
ERISA Civil Penalty
P.O. Box 6200-36
Portland, OR 97228-6200

*Express or Commercial Overnight Mail*
U.S. Bank
Attn: ERISA Civil Penalty #6200-36
17650 NE Sandy Blvd.
PD-OR-C1GL
Portland, OR 97230

The certified or cashier's check referenced in this paragraph shall be made payable to the United States Department of Labor and will reference EBSA Case No. 50-034826.

6.      Should Woldt and Thunderbird fail to make any restoration installment described in Paragraph 4 above on or before the dates set forth therein, the entire amount of the balance remaining shall become due and owing immediately by them together with post-judgment interest pursuant to 28 U.S.C. § 1961 with no further notice or demand required by the Secretary to defendants.

7.      Woldt and Thunderbird shall ensure all contributions to the Plan are remitted to the Plan within 7 days of withholdings any contributions or loan repayments from participants.

8.      Woldt shall appoint a new independent fiduciary to be the fiduciary of the plan within 10 days of this Order.  Woldt shall notify EBSA by emailing smith.donjeene@dol.gov

4

and Paguaga.nestor@dol.gov within 2 days of the appointment and provide the name and contact information for the independent fiduciary.

9.      The appointed independent fiduciary shall provide monthly status reports to EBSA for twelve months after appointment on the first of each month at the same email addresses stated herein.

10.      After appointing a new independent fiduciary to the Plan, Woldt is permanently enjoined and restrained from serving as a fiduciary or service provider to any ERISA-covered plan.

11.      Woldt and Thunderbird shall restore all past due amounts of employee contributions and loan repayments that were withheld from participants pay after August 6, 2020, within 10 months of the date of this judgment, and shall pay 2% annual post-judgment interest to be calculated by the independent fiduciary.

12.      Each party agrees to bear his or its own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

13.      The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment.

14.      Nothing in this Consent Order and Judgment is binding on any government agency other than the United States Department of Labor.

15.      The Court finds that there is no just reason to delay the entry of this Consent Order and Judgment, and, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, expressly directs the entry thereof as a Final Order and Judgment.

SO ORDERED this 30th day of March 2021.

UNITED STATES DISTRICT COURT JUDGE

SO ENTERED this 30th day of March, 2021

/s/

PETER A. OPPENEER, Clerk of Court

The Parties hereby consent to the entry of this Consent Order and Judgment:

Date:  _____3 - 19_____, 2021

FOR PLAINTIFF:

**ELENA S. GOLDSTEIN**
Deputy Solicitor of Labor

CHRISTINE Z. HERI
Regional Solicitor

Address:                                      By: /s/ B. Canetti
U.S. Department of Labor                       BRUCE C. CANETTI
Office of the Solicitor                        Senior Trial Attorney
230 S. Dearborn St., Room 844
Chicago, IL  60604
Telephone: (312) 353-3271                      Attorneys for MILTON AL STEWART,
FAX: (312) 353-5698                            Acting Secretary of Labor, United States
Email: canetti.bruce@dol.gov                   Department of Labor

FOR DEFENDANTS SHAWN WOLDT, THUNDERBIRD ENGINEERING INC., AND
THUNDERBIRD ENGINEERING, INC. 401(K) PLAN:

/s/ Shawn Woldt
SHAWN WOLDT

/s/ Shawn Woldt
By: Shawn Woldt, President
THUNDERBIRD ENGINEERING, INC.

/s/ Shawn Woldt
By: Shawn Woldt, Trustee
THUNDERBIRD ENGINEERING, INC. 401(K) PLAN

7